UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OPTIMIZERX CORPORATION,

    Plaintiff,

-vs-

SHADRON STASTNEY,

    Defendant.

_____/

Civil Action No.:

Hon.

JOSEPH P. MCGILL (P43770)
Foley, Baron, Metzger & Juip, PLLC
*Attorneys for Plaintiff*
38777 Six Mile Road, Suite 300
Livonia, MI  48152
(734) 742-1800
Email: jmcgill@fbmjlaw.com
_____/

## COMPLAINT

For its Complaint against Defendant, Plaintiff hereby states as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff OptimizeRx Corporation ("OptimizeRx") is a corporation organized under the laws of the State of Nevada, with its principal place of business in the City of Rochester, County of Oakland, State of Michigan.

1

2.  Upon information and belief Defendant Shadron Stastney ("Stastney") is an individual residing in the State of New Jersey, whose acts and omissions have had foreseeable effects in the State of Michigan that render him subject to the jurisdiction of this Court.

3.  Venue is proper in United States District Court for the Eastern District of Michigan.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.  This Court may determine the rights of the instant litigants pursuant to 28 U.S.C. 2201 (declaratory relief).

6.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331 (federal question) because this is a civil action involving determination of rights pursuant to The Securities Acts of 1933 and 1934 and their progeny.

7.  There is complete diversity between the parties because Plaintiff is a citizen of the State of Nevada and Defendant is a citizen of the State of New Jersey.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial portion of the events or omissions giving rise to this claim occurred in this judicial district, to wit, Oakland County.

## GENERAL ALLEGATIONS

9. At all times relevant hereto, OptimizeRx has engaged in the business of developing and marketing health care technology and services.

10. On or about in January 14, 2013, OptimizeRx entered into an employment agreement with Stastney, which was amended on or about August 14, 2013 (collectively, the "Employment Agreement").

11. As a result of the Employment Agreement, OptimizeRx and Stastney agreed to enter into an "Option Agreement", whereby Mr. Stastney would acquire two million (2,000,000) shares of OptimizeRx's common stock at an exercise price per share of $1.00, with a term of 5 years.

12. The option would immediately vest, but would not be exercisable until the later of (i) January 1, 2014, and (ii) the date on which a related financing tranche had been fully redeemed.

13. All of these agreements collectively, including the Employment Agreement and any other agreements, arrangements or

understandings that existed between OptimizeRx and Stastney are herein referred to as the "Stastney Agreements".

14. By execution of a Separation Agreement dated September 13, 2013, OptimizeRx and Stastney, without any admission of liability, settled with finality and release all claims, demands and causes of action Stastney has or could assert against OptimizeRx, whether arising out of the Stastney Agreements and/or the termination of the Employment Agreement or any of the Stastney Agreements, including, without limitation, the right to any notice of termination or payment in lieu, or any condition or benefit of employment or otherwise ("Separation Agreement") (see Exhibit A).

15. The Separation Agreement provided for the following payment terms:

> The Company and Stastney hereby agree that the Company shall, in exchange for the release contained herein, issue to Stastney five hundred thousand (500,000) shares of the Company's common stock (the "Shares"). The Company agrees to issue half of the Shares within five (5) business days of the Termination Date and the remaining half of the Shares no later than January 1, 2014. **The Company agrees to, within sixty (60) days of January 1, 2014 and, if permitted under the securities laws, file a Form S-8 registration statement with the Securities and Exchange Commission to register the Shares for resale.**
>
> In addition, for the release contained herein, the Company will pay to Stastney one hundred and twenty six thousand seven

> hundred and sixty two dollars ($126,762) within fourteen (14) business days of the Termination Date. The Company shall also reimburse Stastney for any reasonable unpaid out of pocket expenses within fourteen (14) business days of the Termination Date.

See Exhibit A, paragraph 1, emphasis added.

16. OptimizeRx has completed all of its payment obligations to Stastney.

17. On September 10, 2014, Shadron Stastney sent by email to OptimizeRx a demand for the shares referenced in the Separation Agreement to be registered for re-sale by filing a Form S-8 with the U.S. Securities and Exchange Commission. Stastney also complained about being omitted from an S-1 filed recently by OptimizeRx with the U.S. Securities and Exchange Commission.

18. Pursuant to the Separation Agreement, Stastney claims that the refusal of OptimizeRx to file said Form S-8 and/or include him on the referenced S-1 constitute a violation of the Separation Agreement.

19. Pursuant to paragraph 6 of the Separation Agreement and Defendant's subsequent admission, the services he provided to OptimizeRx during the sixty (60) day time period agreed to in the Separation Agreement (to wit: January 1, 2014 through March 2, 2014) were as a consultant to OptimizeRx in connection with the sale of securities

in a capital raising transaction. As a result, the filing of a Form S-8 with the U.S. Securities and Exchange Commission was not "permitted under the Securities law" and relieved OptimizeRx of the obligation to do so. (See Exhibit A, paragraph 6). *See* generally Securities Acts of 1933 and 1934 *et seq.*

    20.    Stastney also claims damages in the amount of $325,000.00.

    21.    The claims made by and on behalf of Stastney are false, and Stastney knew or should have known that said demands were false or knew that they lacked sufficient basis to be made.

    22.    Plaintiff has been damaged as a result of being forced to file a lawsuit against Stastney to protect its respective rights and interests against the above-described demands and therefore are entitled to attorney's fees and costs in addition to the relief sought herein.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

    23.    Plaintiff incorporates the allegations contained in all prior paragraphs of this Complaint as though fully set forth herein.

    24.    Defendant has affirmatively asserted the claims against OptimizeRx, as alleged herein (collectively, the "Claims"), which Claims are false and without basis in law or in fact.

25. There is an actual controversy between OptimizeRx, on one hand, and Defendant, on the other hand, regarding the Claims alleged by Stastney against OptimizeRx.

26. The Court may declare the rights and other legal relations of the parties to this action and enter further necessary or proper relief based on its declaratory judgment.

27. As discussed above, Defendant has asserted the Claims against, and demanded relief from, OptimizeRx without legal or equitable basis.

28. Plaintiff is entitled to declarations by the Court that the above-described Claims are null, void, and invalid and that Defendant is not entitled to the relief demanded as set forth herein .

## SECOND CLAIM FOR RELIEF
**(Preliminary and Permanent Injunction)**

29. Plaintiffs incorporate the allegations contained in all prior paragraphs of this Complaint as though fully set forth herein.

30. Pursuant to paragraph 7 of the Separation Agreement, Defendant has previously admitted that OptimizeRx will be irreparably harmed by Shastney's violation of any of the covenants or agreements contained in the Separation Agreement.  Defendant has further confessed

that in the event of such violations, OptimizeRx shall have the right to pursue injunctive relief, and all other forms of relief.

31.   Defendant's Claims and the associated relief demanded by Defendant will result in irreparable harm to Plaintiff for which there is no adequate remedy at law.

32.   On the basis of the facts described above, Plaintiff enjoys a reasonable probability of success on the merits of its claims.

33.   Plaintiff is entitled to a preliminary and permanent injunction barring Defendant from pursuing the Claims and the associated relief demanded by Defendant pending final adjudication of this action.

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

    A.    For a declaration by the Court that the Claims are null, void, and invalid, and that Defendant is not entitled to any of the associated demanded relief;

    B.    For issuance of a preliminary and permanent injunction barring Defendant from pursuing his Claims and associated demanded relief pending final adjudication of this action;

    C.    For interest, costs of collection, and reasonable attorneys' fees as permitted by contract and/or applicable law; and

D.  For such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

FOLEY, BARON, METZGER & JUIP, PLLC

Dated:  September 17, 2014    By: /s/Joseph P. McGill
Joseph P. McGill (P43770)
*Attorneys for Plaintiff*
38777 Six Mile Road, Suite 300
Livonia, Michigan  48152
(734) 742-1825
Email:  jmcgill@fbmjlaw.com

9