UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OptimizeRx Corporation,

    Plaintiff,

v.                                            Case No. 14-13612

Shadron Stastney,                  Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER

This matter involves a dispute over a separation agreement. It is currently before the Court on a motion seeking leave to file a late jury demand. The parties have briefed the issues and the Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons set forth below, the Court will GRANT the motion and allow a trial by jury as to all issues triable by a jury in this matter.

## BACKGROUND

Plaintiff/Counter-Defendant OptimizeRx ("OPRx") filed this action against Defendant/Counter-Plaintiff Shadron Stastney ("Stastney") on September 17, 2014, asserting the following claims: 1) "Declaratory Relief" ("First Cause of Action"); 2) "Preliminary and Permanent Injunction" ("Second Claim for Relief").

Stastney filed the following counterclaims against OPRx on March 26, 2015: 1) Breach of Contract (Count I); and 2) Declaratory Judgment (Count II). Stastney's counter-complaint seeks monetary damages.

The action concerns disputes over a separation agreement. Neither party filed a jury demand initially.

This Court held a Scheduling Conference on May 5, 2015, at which time the Court ordered the case to facilitation. The Court did not issue a scheduling order at that time. The parties went to facilitation on June 17, 2015, but the case did not get resolved.

On June 25, 2015 – less than 10 days after the unsuccessful facilitation – OPRx filed the instant motion seeking leave to file a jury demand. Stastney opposes the motion and wishes the action to proceed as a bench trial.

## ANALYSIS

Where a party has a right to a trial by jury, on any issue, the party must demand one in accordance with Fed. R. Civ. P. 38(b). Under Rule 38, the party desiring a jury must make a demand for jury within fourteen days after the last pleading directed to the issue is served. Here, there is no dispute that OPRx did not file a jury demand within the time allowed by Rule 38(b).

However, under Rule 39(b), notwithstanding the failure of a party to demand a jury in an action in which a demand might have been made of right, the court in its discretion upon motion may order a trial by jury "on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b); *see also Moody v. Pepsi-Cola Metro. Bottling Co., Inc*., 915 F.2d 201, 207 (6th Cir. 1990).

A district court has "broad discretion" in ruling on a Rule 39(b) motion. *Moody,* 915 F.2d at 207. "Moreover, the court's discretion *should be exercised in favor of granting a jury trial where there are not compelling reasons to the contrary*." *Id*. (Emphasis added).

In opposing OPRx's motion, Stastney contends that there are three "compelling" reasons

to deny this motion: 1) the only justification for the delay was inadvertence; 2) the Court should not grant the motion here because Stastney suspects that OPRx intentionally waived its right and then changed its mind; and 3) the case is highly complex and not suited for a jury. The cases it offers to support its arguments focus on the first argument – that mere inadvertence is not enough. (*See* Stastney's Br. at 2).

It is true that, "[a]s a general rule, a district court will not *abuse its discretion in denying* a Rule 39(b) motion if the only justification is mere inadvertence." *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) (emphasis added). But that is not to say that a district court abuses its discretion in *granting* a motion to file a late jury demand where the delay was due to inadvertence. *See Kitchen v. Chippewa Valley Schools*, 825 f.2d 1004, 1013 (6th Cir. 1987). In that case, Sixth Circuit affirmed a trial court's ruling where the trial court invited and granted a motion to file a late jury demand *just before trial*. In *Kitchen*, the Sixth Circuit noted that

[g]enerally, a district court does not abuse its discretion by denying a 39(b) motion if the only justification for delay is 'mere inadvertence'" but went on to explain:

> In none of these cases, however, nor in any case cited by the appellants, did the appellate court reverse a district court's decision to grant a jury trial. All of these cases involved affirmances of denials of such motions. Therefore, given the lack of precedent for reversing the grant of a jury trial, and the Seventh Amendment right to a jury trial, we are extremely reluctant to reverse the trial court's decision to grant a jury trial, even though its actions were somewhat unorthodox. Furthermore, the appellants have made only conclusory claims of prejudice and have failed to convince us that they were discernibly prejudiced by the jury trial on the state claim. Therefore, we affirm the grant of the jury trial.

*Kitchen*, 825 F.2d at 1013.

OPRx basically asserts that, given that the matter was going to facilitation prior to a

scheduling order it had little reason to file a motion before the facilitation proved to be unsuccessful. It contends it filed it motion expeditiously after facilitation and that it filed the motion in good faith. It also notes that there is no prejudice here because there has not even been a scheduling order issued in this case.

Under the circumstances presented here, the Court concludes that it should exercise its discretion to grant the motion, allowing a jury as to all issues triable by a jury in this matter.

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that OPRx's Motion for Leave to File Jury Demand (Docket Entry No. 17) is GRANTED. The Court further ORDERS that OPRx shall file its jury demand within seven (7) days of the date of this order.

IT IS SO ORDERED.

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: September 18, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2015, by electronic and/or ordinary mail.

    S/Jennifer McCoy
    Case Manager